1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GABRIEL ARMENTA,                          No.  2:24-cv-2075-CKD P

12                   Plaintiff,

13        v.                                    ORDER AND

14   ROBERT FRANK,                              FINDINGS & RECOMMENDATIONS

15                   Defendants.

16

17        Plaintiff is a former state prisoner proceeding without counsel with a civil rights action

18   pursuant to 42 U.S.C. § 1983. On April 1, 2025, the court screened plaintiff's complaint and

19   determined for screening purposes that the complaint stated a claim. (ECF No. 6.) Plaintiff was

20   ordered to complete documents and return them to the court for the purpose of serving the

21   defendant. (Id.) The time granted has expired, and plaintiff has not complied with the order or

22   otherwise responded to the court. Moreover, it appears plaintiff's address of record is no longer

23   correct.[1]

24        "District courts have inherent power to control their dockets" and, in exercising that

25   power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City

26

27   _____
     [1] Plaintiff's address of record is North Kern State Prison. According to the Public Records Portal
28   of the California Department of Corrections and Rehabilitation ("CDCR"), plaintiff is not
     currently in CDCR custody.

                                              1

1    of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a

2    party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g.,

3    Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with

4    a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th

5    Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d

6    1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

7    In determining whether to dismiss an action, the court considers several factors: (1) the public's

8    interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

9    risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

10   merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th

11   Cir. 1988).

12        The court has considered the five factors set forth above. The first two factors strongly

13   support dismissal of this action. Plaintiff's failure to comply with the court's April 1, 2025, order

14   suggests plaintiff has abandoned this action and does not intend to pursue it further. The third

15   factor, prejudice to defendant from plaintiff's failure to oppose the motion, slightly favors

16   dismissal. Plaintiff's failure to respond to the court has already caused delay of this action, and a

17   presumption of injury to the defendant arises from unreasonable delay in prosecuting an action.

18   Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fifth factor also favors dismissal,

19   because it appears plaintiff has failed to notify the court of plaintiff's current mailing address.

20        The fourth factor, public policy favoring disposition of cases on their merits, does not

21   weigh in favor of dismissal as a sanction. However, the other factors supporting dismissal

22   outweigh this factor. This action should be dismissed for plaintiff's failure to prosecute.

23        For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court

24   shall assign a district judge to this case.

25        In addition, IT IS HEREBY RECOMMENDED that this action be DISMISSED without

26   prejudice based on plaintiff's failure to prosecute. See Fed. R. Civ. P. 41(b).

27        These findings and recommendations are submitted to the United States District Judge

28   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 7, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, arme2075.nousm.fr